UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ANDREW WITZKE,<br>     Plaintiff,<br>    v.<br><br>MICHAEL J. BOUCHARD,<br>THOMAS VIDA, JR., and JOHN<br>DOE,<br>     Defendants.<br>_____/ | Case No.: 22-13070<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER (ECF No. 3)**

**I.   PROCEDURAL HISTORY**

Plaintiff Scott Witzke filed his complaint and a motion for temporary restraining order on December 19, 2022.  (ECF Nos. 1, 3).  He is proceeding without the assistance of counsel.  He sues the Oakland County Sheriff and other Oakland County officials for allegedly violating his First Amendment right to communicate with Oakland County Jail detainees by email and by telephone, for denial of procedural due process, and for defamation.  This case was referred to the undersigned for all pretrial proceedings.  (ECF No. 12).  Before the Court is Plaintiff's motion for temporary restraining order.

For the reasons below, the undersigned recommends that the motion be denied.

## II.  COMPLAINT ALLEGATIONS

Plaintiff, who is currently on probation, states that all written communications with Oakland County Jail ("OCJ") detainees must be through traditional postal service mail or electronically through "Smart Communication," a company contracted by OCJ for electronic and telephonic communications. (ECF No. 1, PageID.3, ¶ 10). To communicate electronically with OCJ detainees, Plaintiff created an account with Smart Communication on June 7, 2021. (*Id.* at PageID.4, ¶ 12). On December 13, 2022, Plaintiff received a notice to his account stating that "Viewing messages from inmates at Oakland County Jail has been disabled." (*Id.* at ¶ 13). The notice gave the following reason: "Inmate is committing a crime by acting as an attorney and charging other inmates to file briefs. Inmate is NOT an attorney. Prosecutors Office has filed a contempt of court motion in front of Judge Polis [sic] and SCAO."[1] (*Id.*). Defendants also blocked Plaintiff's primary telephone number from being accessed by OCJ detainees. Thus, he cannot read emails nor receive telephone calls from detainees. (*Id.* at ¶ 15). Plaintiff contacted Judge Poles' chambers to find out whether there

---

[1] Plaintiff was not an OCJ inmate at the time of the events alleged.

2

was a contempt motion filed against him. He was told there were no motions pending in that court. (*Id.* at PageID.5, ¶ 19).

He sues the defendants for violating his First Amendment right to free association and free speech with OCJ detainees. He asserts that Defendants' actions deprived him of due process of law in violation of the Fourteenth Amendment. Lastly, he contends that Defendants' actions constitute defamation under Michigan law. (*Id.* at PageID.6).

## III. ANALYSIS AND RECOMMENDATIONS

### A. Governing Standards

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In the Sixth Circuit, the "same factors [are] considered in determining whether to issue a TRO or preliminary injunction." *Id.* Thus the Court can evaluate both the temporary restraining order and the preliminary injunction by the same analysis. *See also id.* (applying the aforementioned factors to a temporary restraining order); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same to a preliminary injunction). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a

3

strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

B.  Discussion

Plaintiff asserts that he has the same First Amendment rights to communicate with inmates as inmates do to communicate with him through email. (ECF No. 3, PageID.32-35). As to telephone communications specifically, he asserts he as a right to "reasonable telephone access to OCJ detainees," and that he is not asserting this right for detainees, but it is inescapable that only detainees can initiate calls so the claim is equally his to raise.[2] (*Id.* at PageID.35). As to due

---

[2] Plaintiff's point is apt. There is some ambiguity as to whether the claims asserted are for Plaintiff alone or may more properly be the detainees' claims. The undersigned will accept Plaintiff's statement that the claims are his alone for purposes of this motion.

process, he contends that he was provided no process before his email and telephone communications were interrupted. (*Id.*).

Plaintiff has not established likelihood of success on the merits of his claims about email and telephone communications with OCJ detainees. As Plaintiff points out, non-inmates or detainees have constitutional rights, including the right to free speech and to communicate with prisoners. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (citations omitted). It is established that prisoners, and by extension those outside prisons, have a First Amendment right to communicate with the outside world, *see Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989), but they do not have a constitutional right to a particular form of communication, such as access to email. Similarly, the First Amendment protects a prisoner's right to communicate with the outside world, but it does not provide him with a per se right to a telephone to do so. *See Miles v. Scanlon*, 2021 WL 1809834, at *5 (W.D. Mich. May 6, 2021) (holding prisoners "do not have a constitutional right to a particular form of communication" under the First Amendment); *see also United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no per se constitutional right to use a telephone[.]"); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048-49 (9th Cir. 2002) (holding "[u]se of a telephone provides *a* means of exercising [the First

5

Amendment] right") (emphasis added); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994) (holding "an inmate has no right to unlimited telephone use").

Plaintiff alleges interference with emailed and telephonic communications with OCJ detainees. He does not, however, allege that he cannot communicate with detainees via alternative means such as mail through the United State Postal Service, or to visit detainees in person. *See Pope v. Hightower*, 101 F.3d 1382, 1385 (1llth Cir. 1996); *Iswed v. Caruso*, 2010 WL 6496158, at *2 (W.D. Mich. Nov. 29, 2010). In fact, in his motion for injunctive relief, he stated that he "recently" went into the jail to have a detainee review and sign paperwork. (ECF No. 3, PageID.33, n. 1). Thus, Plaintiff has not established likelihood of success on the merits on the First Amendment claims because he has available other ways to communicate with detainees, even if they are not his preferred means.

As for the due process claim, Plaintiff asserts he was entitled to some kind of process before his email and telephonic access to detainees was curtailed. The Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med.*

6

*Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).  The analysis stops here because Plaintiff did not establish that he had a liberty interest in receiving emails and telephone calls from OCJ detainees.  (*See* ECF No. 3, PageID.35).

As for the remaining elements, Plaintiff's assertion that a violation of the First Amendment constitutes irreparable harm is unavailing here where he has not established likelihood of success on the First Amendment claim.  As noted above, Plaintiff has recently visited a detainee and has not alleged that he cannot communicate with detainees by mail or in person.  Given the "weak to non-existent showing" on the factors of likelihood of success on the merits and irreparable harm—"either of which alone justifies denial of the preliminary injunction"—the court need not consider the third and fourth factors (harm to others if the preliminary injunction issues, and the public interest).[3]  *See Essroc Cement Corp. v. CPRIN, Inc.*, 593 F. Supp. 2d 962, 970-71 (E.D. Mich. Nov. 3, 2008) (citing *Edwards v. Burnett*, 2006 WL 1983236, *2 (E.D. Mich. July 12, 2006); *Hacker v. Fed. Bureau of Prisons*, 2006 WL 2559792, at *8 (E.D. Mich. Sept. 1, 2006) ("The failure to demonstrate irreparable harm is fatal to the petitioner's request for a preliminary injunction.  Therefore, the Court need not evaluate the other factors.").

## IV.   RECOMMENDATION

---

[3] Plaintiff did not address his defamation claim in the motion.

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 3, 2023.  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 3, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850