*Witzke v. Bouchard, et al*.
Case No. 22-cv-13070

# EXHIBIT 4

**January 23, 2023 Letter to State Bar of Michigan from Plaintiff**

**Scott Andrew Witzke**

336 North Saginaw Street, Pontiac, Michigan 48342
T- (734) 496-5895 F- (734) 823-1325
Email: scottawitzke@gmail.com

January 22, 2023

Katherine S. Gardner, Esq.
UPL Counsel
State Bar of Michigan
306 Townsend St.
Lansing, MI 48933-2012

Re:   UPL Inquiry
      UPL File No. 22-UP-77

Dear Ms. Gardner:

On January 21, 2023, I received your letter of inquiry dated January 17, 2023. Your letter states that "[t]he State Bar of Michigan has received a 'complaint' alleging that [I] 'may' be providing legal services and advice to third parties." It goes on to state "allegations include that [I am] drafting pleadings on behalf of individuals and filing those pleadings in various courts, sometimes without their knowledge or consent." Finally, the letter concludes by "request[ing] [my] 'cooperation' and written response no later than 21 days … explaining [my] services and why [I] believe they do not constitute the unauthorized practice of law in Michigan."

Unfortunately, your letter is premised upon what appear to be spurious allegations (if any, indeed, have been made) of the barest in nature. I am unable to formulate a response without being informed of specific allegations. If your Membership wishes to pursue this matter further, specificity should include allegations which are concrete and discrete, instead of hyperbole or conjecture.

Perhaps your Membership will cooperate with me and answer the question of why the Membership believes that Michigan's UPL statute, MCL 600.916, is not unconstitutionally vague and should not be struck down as a violation of a person's First and Fourteenth Amendment freedoms? I note that the Michigan Supreme Court long ago openly acknowledged the fact of the statute's vagueness to some extent.

**Page Two**

*See, e.g., State Bar v Cramer*, 399 Mich 116, 133 (1976) ("We are still of the mind that any attempt to formulate a lasting, all-encompassing definition of 'practice of law' is doomed to failure 'for the reason that under our system of jurisprudence such practice must necessarily change with the everchanging business and social order.'") (quoting *Grand Rapids Bar Association v Denkema*, 290 Mich 56, 64 (1939)).

      Of course, MCL 600.916 provides that "[a] person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law." Such punishment, under MCL 600.1715(1), potentially includes "a fine of not more than $7,500.00, or imprisonment . . . not [to] exceed 93 days, or both." *See Jaiyeola v Brundage*, 2022 U.S. App. LEXIS 31471 *7 (6th Cir. Nov. 14, 2022). Herein lies the problem, in my view, with the UPL statute. It appears that conduct is undefined and yet a person may be "punish[ed]" as though he is a criminal.

Very truly yours,


/s/ Scott A. Witzke
SCOTT ANDREW WITZKE

cc:     File