*Witzke v. Bouchard, et al.*
Case No. 22-cv-13070

# EXHIBIT 7

*Clemons v. Dewine*, 6th Cir. No. 19-3033 (May 1, 2019)

**Copy Citation**

United States Court of Appeals for the Sixth Circuit

May 1, 2019, Filed

No. 19-3033

**Reporter**
**2019 U.S. App. LEXIS 13271 *** | 2019 WL 7567197

CORNELIUS J. CLEMONS, Plaintiff-Appellant, v. GOVERNOR MIKE DEWINE, in his Official Capacity, Defendant-Appellee.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History:** **[*1]** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO.
Clemons v. Kasich, 2018 U.S. Dist. LEXIS 208891 (S.D. Ohio, Dec. 11, 2018)

## Core Terms

district court, frivolous, official capacity, lawsuit, res judicata, fail to state a claim, individual capacity, vexatious litigant, deprived

## Case Summary

**Overview**
HOLDINGS: [1]-A district court's 28 U.S.C.S. § 1915(e)(2)(B) sua sponte dismissal of a pro se resident's civil rights case and finding that the resident was a vexatious litigator were affirmed since, even if it erred in applying res judicata, the case was both frivolous or failed to state a claim for relief, his reliance on 42 U.S.C.S. § 1981 was misplaced, as to his 42 U.S.C.S. § 1983 claim, the failed to point to any authority showing that a plaintiff was deprived of his constitutional rights by a defendant's successful motion to dismiss a case in state court, his designation as a

Page

**Outcome**
Judgment affirmed.

▼ LexisNexis® Headnotes

Civil Procedure > Dismissal ▼ > Involuntary Dismissals ▼ > Appellate Review ▼
View more legal topics

**HN1⬇ Involuntary Dismissals, Appellate Review**

An appellate court reviews de novo a district court's dismissal under 28 U.S.C.S. § 1915(e)(2)(B). 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (0)

Civil Procedure > Dismissal ▼ > Involuntary Dismissals ▼ > Failure to State Claims ▼
View more legal topics

**HN2⬇ Involuntary Dismissals, Failure to State Claims**

28 U.S.C.S. § 1915(e)(2)(B)(i)-(ii) requires a district court to sua sponte dismiss an in forma pauperis complaint that is frivolous or fails to state a claim. A complaint is frivolous where it lacks an arguable basis either in law or in fact. A complaint fails to state a claim if it lacks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (0)

Civil Procedure > Judgments ▼ > Preclusion of Judgments ▼ > 📄Res Judicata ▼

**HN3⬇ Preclusion of Judgments, Res Judicata**

Res judicata applies when there is: (1) a final decision on the merits by a court of competent jurisdiction, (2) a subsequent action between the same parties or their privies, (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action, and (4) an identity of the causes of action. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (0)

*Shepardize®* - Narrow by this Headnote (0)

Civil Procedure > Appeals▼ > Dismissal of Appeals▼ > Involuntary Dismissals▼
View more legal topics

**HN5⬇  Dismissal of Appeals, Involuntary Dismissals**

Under 28 U.S.C.S. § 1915(e)(2)(B), an appellate court may dismiss on appeal an action that is frivolous or fails to state a claim for relief. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (0)

Civil Rights Law > ... > Contractual Relations & Housing▼ > 📄
Equal Rights Under the Law (sec. 1981)▼ > Liable Parties▼

**HN6⬇  Equal Rights Under the Law (sec. 1981), Liable Parties**

A plaintiff cannot use 42 U.S.C.S. § 1981 to sue a state actor in his or her official capacity. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (0)

Civil Rights Law > ... > 📄Section 1983 Actions▼ > Elements▼ >
Causal Relationship▼
Evidence > Burdens of Proof▼ > Allocation▼
View more legal topics

**HN7⬇  Elements, Causal Relationship**

to state a claim for relief under 42 U.S.C.S. § 1983, a plaintiff must show that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (0)

Civil Procedure > Judicial Officers▼ > Judges▼ > Discretionary Powers▼
View more legal topics

**HN8⬇  Judges, Discretionary Powers**

A district court has inherent authority to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that abuses the judicial process. A district court also has inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings. 🔍 More like this Headnote

*Shepardize®* - Narrow by this Headnote (5)   1

3/7/23, 12:03 PM  Case 2:22-cv-13070-MAG-CI   ECF No. 31-8, PageID.460  Filed 03/07/23   Page 5 of 8
Clemons v. Dewine, 2019 U.S. App. LEXIS 13271

Document: Clemons v. Dewine, 2019 U.S. App. LEXIS 13271

Page

a district court imposing a vexatious litigant order must: (1) provide notice to the plaintiff, (2) create an adequate record for review including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) narrowly tailor the order to closely fit the specific vice encountered. 🔍 More like this Headnote

Shepardize® - Narrow by this Headnote (4)     2

**Counsel:** Cornelius J. Clemons, Plaintiff - Appellant, Pro se, Columbus, OH.

**Judges:** Before: SUHRHEINRICH ▾, GIBBONS ▾, and WHITE ▾, Circuit Judges.

# Opinion

ORDER

Cornelius Clemons, a pro se Ohio resident, appeals the district court's sua sponte dismissal of his civil rights action under 28 U.S.C. § 1915(e)(2)(B). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. See Fed. R. App. P. 34(a). Clemons moves for expedited review of his appeal.

In October 2018, Clemons sued then-Ohio Governor John Kasich, in his official capacity, mostly alleging violations of 42 U.S.C. §§ 1981 and 1983. Clemons's claims stemmed from a writ of mandamus that he filed in the Ohio Supreme Court, which sought to compel Kasich to pay him money that he believed that he was owed from his Ohio workers' compensation case. Kasich filed a motion to dismiss the petition, which the Ohio Supreme Court granted.

In his federal complaint, Clemons alleged that his right "to enforce [a] contract for the security of property . . . was impaired and materially lessened within the meaning of a constitution" because of Kasich's successful motion to dismiss. He sought what **[*2]** he characterized as injunctive relief in the form of $2,868,752. A magistrate judge filed a report recommending that the district court dismiss the case sua sponte under § 1915(e)(2)(B), concluding that Clemons's lawsuit was barred by res judicata because he had already filed a nearly identical case, *Clemons v. Kasich*, No. 2:18-CV-954, 2018 U.S. Dist. LEXIS 154585, 2018 WL 4742569, at *1 (S.D. Ohio Oct. 2, 2018), that was dismissed on the merits. The district court adopted the report over Clemons's objections and dismissed the case. Additionally, the district court followed the magistrate judge's recommendation to deem Clemons a vexatious litigant because this was Clemons's seventh action concerning the denial of workers' compensation benefits and the sixth dismissal. The

On appeal, Clemons challenges the district court's invocation of res judicata and his designation as a vexatious litigant.

**HN1** We review **[*3]** de novo a district court's dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). **HN2** Section 1915(e)(2)(B)(i)-(ii) requires a district court to sua sponte dismiss an in forma pauperis complaint that is frivolous or fails to state a claim. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* at 470.

The district court concluded that res judicata barred Clemons's complaint. **HN3** Res judicata applies when there is:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Clemons argues that the district court should not have invoked res judicata because his two lawsuits did not have the same parties; specifically, Kasich was sued in his individual capacity in his first lawsuit and in his official capacity **[*4]** in this lawsuit. This argument relies on the rule of differing capacities, which generally permits a lawsuit against a government official in his official capacity even though he was previously sued in his individual capacity. *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003); see also *Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 375 (6th Cir. 2007) ("In essence, suing a state official in her official capacity is not the same as suing her in her individual capacity.").

Although the district court recognized this doctrine, it concluded that it did not apply, reasoning, "the Court fails to see how a person sued in his 'Individual Capacity as Governor' is not being sued in his official capacity. The title 'Governor' invokes the holder's official capacity by its very nature. Accordingly, the actions are against the same party." However, this reasoning is unpersuasive because Clemons is ultimately the master of his complaint and he explicitly indicated that he intended to sue Kasich in his individual capacity: "John Kasich is stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct in an action for

Page

314 F.3d 262, 264 (6th Cir. 2002). Moreover, **HN5** under § 1915(e)(2)(B), we may dismiss on appeal an action that is frivolous or fails to state a claim for relief. Clemons's case is both.

The essence of Clemons's complaint is that Kasich violated §§ 1981 and 1983 by successfully moving to dismiss his petition for a writ of mandamus in the Ohio Supreme Court. Clemons alleged that "because he was not allowed to enforce [a] contract for the security of his property," presumably his alleged right to workers' compensation benefits, "he was denied and deprived of the equal protection of Equal Rights."

First, Clemons's reliance on § 1981 is misplaced because **HN6** "a plaintiff cannot use § 1981 to sue a state actor in his or her official capacity." McCormick v. Miami Univ., 693 F.3d 654, 660 (6th Cir. 2012). Second, **HN7** to state a claim for relief under § 1983, a plaintiff must show that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). And Clemons fails to point to any authority showing that a plaintiff is deprived of his constitutional rights by a defendant's successful motion to dismiss **[*6]** a case in state court. Accordingly, Clemons's action is frivolous and he has failed to state a claim. See Hill, 630 F.3d at 470.

Lastly, Clemons argues that the district court's vexatious-litigant order denies him due process. **HN8** A district court has "inherent authority" to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that "abuses the judicial process." See First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 516 (6th Cir. 2002) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). A district court also has inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings. See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987). In Feathers, this court cited approvingly authority from the Ninth Circuit, which has elsewhere held that **HN9** a district court imposing a vexatious litigant order must: (1) provide notice to the plaintiff; (2) "create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) narrowly tailor the order "to closely fit the specific vice encountered." De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (citation omitted).

No error is discernable in the district court's decision to exercise **[*7]** its inherent authority here. First, Clemons received notice of, and responded to, the magistrate judge's recommendation that he be deemed a vexatious litigant. Second, the district court created a thorough record of Clemons's litigation history. Third, the district court made substantive findings as to both frivolity and harassment. As the district court explained, Clemons had brought seven suits ultimately related to the denial of his workers' compensation benefits

Page

Accordingly, we **AFFIRM** the district court's judgment. Clemons's motion for expedited review of his appeal is **DENIED**.



About     Cookie Policy     

Privacy Policy     Terms & Conditions     Copyright © 2023 LexisNexis.

