UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,                               Case No. 2022-cv-13070
                                                  Hon. Mark A. Goldsmith
-vs-                                         Magistrate Curtis Ivy, Jr.

MICHAEL J. BOUCHARD, et al,

    Defendants.
_____/

| Scott A. Witzke, Plaintiff | Aaron C. Thomas (P55114) |
|---|---|
| 336 N. Saginaw Street | Nicole B. Tabin (P73685) |
| Pontiac, MI 48342 | Brooke Elizabeth Tucker (P79776) |
| 734-496-5895 | Attorneys for Defendants Bouchard and Vida |
| scottawitzke@gmail.com | 1200 N. Telegraph Rd., Dept. 419 |
| | Building 14E, Third Floor |
| | Pontiac, MI 48341 |
| | (248) 858-0550 |
| | thomasa@oakgov.com; tabinn@oakgov.com |
| | tuckerbe@oakgov.com |

_____/

**DEFENDANTS BOUCHARD AND VIDA'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 13)**

NOW COME Defendants MICHAEL BOUCHARD and THOMAS VIDA, by and through their attorneys, Oakland County Corporation Counsel, and respond to Plaintiff's Objections (ECF 23) to the Magistrate Judge's Report and Recommendation ("Recommendation") (ECF 13) based on the following grounds:

**Response to Objection #1**

In this objection, Plaintiff does not provide any valid basis to dispute the Magistrate Judge's Recommendation regarding Plaintiff's communications with detainees. Plaintiff must show entitlement to the relief of a temporary restraining order. *Leary v. Daeschner*, 228 F.3d 729, 729 (6th Cir. 2000).

The Recommendation states that "[Plaintiff] does not, however, allege that he cannot communicate with detainees via alternative means..." (ECF 13, PageID.84). Plaintiff's note, from which the Magistrate Judge gleaned that information states that, "…Plaintiff [went] into [the jail] recently and ask[ed] that a detainee review some documents … which he did, and Plaintiff assisted with the filing of the documents electronically." (ECF 3, PageID.33, n.1). Nothing in that note, nor the Plaintiff's Complaint or motion for temporary restraining order allege that Plaintiff cannot use the mail or visit the jail. The Magistrate Judge's conclusion that Plaintiff has not established likelihood of success on the merits of the First Amendment claims because he has available other ways to communicate with detainees, even if they are not his preferred means, is appropriate. Any explanation of the details of his jail visit provided by Plaintiff's Objection #1 do not change the analysis or the proper conclusion reached by the Magistrate Judge that Plaintiff has failed to establish a likelihood of success on the merits.

**Response to Objection #2**

In this Objection to the Governing Standards noted in the Recommendation, Plaintiff disagrees with a citation, not a quotation, made by the Magistrate Judge to *Ohio Republican Party v Brunner,* 534 F.3d 357 (6th Cir. 2008). Plaintiff states essentially that the words in the cited case are not the exact words used in the Recommendation and he seems to be informing this Court that it's decision on Plaintiff's motion for temporary restraining order is appealable. (ECF 23, PageID.117). Noting that *Ohio Republican Party v Brunner* is a case in the U.S. Court of Appeals for the 6th Circuit after an appeal from a district court ruling on a motion for a temporary restraining order, it is assumed by Defendants here that the Magistrate Judge was aware of that fact when drafting the Recommendation and citing to that case.

Plaintiff next disagrees with another citation from the Recommendation, this one made to *Benisek v. Lamone*, 138 S. Ct. 1942 (2018). Plaintiff states that, "this court must consider…" the 4 elements listed in his preferred case *Jones v. Caruso* as opposed to the Recommendation which states, "a court must consider…" those same 4 elements listed in a different, newer case *City of Pontiac Retired Emps. Ass'n v. Schimmel*. (ECF 23, PageID.118; ECF 13 PageID.3-4). Defendants agree with both the Recommendation and the Plaintiff that those are the 4 elements this Court must consider when deciding the motion, as required by the plentiful caselaw.

3

**Response to Objection #3**

Plaintiff objects to the Recommendation's conclusion that he has failed to establish the first element, success of likelihood on the merits. He states that the detainee's rights to use a telephone are not at issue but rather that his right to call the detainee is what is at issue and he calls the Magistrate Judge's analysis of the law "flawed". (ECF 23, Page.ID123). However, Plaintiff fails to show how the analysis is flawed since the caselaw relied upon in the Recommendation is sound. In its discussion section, the Recommendation preemptively indicated that, "[t]here is some ambiguity as to whether the claims asserted are for Plaintiff alone of may more properly be the detainees' claims." (ECF 13, PageID.82, n.1). Regardless, the merits of the claim are still lacking and nothing in Plaintiff's objection on this point shows or establishes any likelihood of his success on the merits of this case. Along with the reasons stated in Defendant's pending Motion for Summary Disposition, it is further extremely unlikely that Plaintiff will succeed on the merits of his Complaint because he has available means of communicating with detainees (i.e. can still call out to Plaintiff, he can send and receive U.S.P.S. mail, and he can come to the jail with documents).

**Response to Objection #4**

In this objection, Plaintiff states the Magistrate Judge's analysis of the likelihood of success of the Plaintiff's due process claims are "flawed." Plaintiff

4

does not deny that he has failed to establish a likelihood of success on the merits nor does he assert any facts or allegations that would allow this Court to find success for the Plaintiff. Injunctive relief is an extraordinary remedy and Plaintiff's failure to establish the necessary elements should require this Court to deny his motion. The proof required for a plaintiff to obtain a temporary restraining order or injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v Daeschner*, 228 F3d 729, 739 (6th Cir 2000).

      Yet Plaintiff here has provided no proof on this element that could be considered a valid objection on this point. In fact, he asks the Court to begin, "assuming, *arguendo* [that] Plaintiff has demonstrated a likelihood of success on the merits of his First Amendment claims." (ECF 23 Page.ID 124 ¶2). That is not the legal standard, and this Court should not assume ANYTHING just for the sake of argument. Defendants state that this Court should *not* assume that Plaintiff has met his burden to establish a likelihood of success on the merits because that determination is an essential part of the Court's required analysis and is a threshold issue prior to granting a temporary restraining order or injunction.

## Conclusion

Plaintiff wants a temporary restraining order or injunction but does not want to, or simply is unable to, establish the necessary elements to get one. These objections, somewhat confusingly, attack the caselaw precedent used by the Magistrate Judge to conclude and recommend that this Court DENY the Motion for Temporary Restraining Order (ECF 3). Defendants pray that this Court follow the Recommendation and all proper caselaw to DENY Plaintiff's Motion.

        Respectfully submitted,

        OAKLAND COUNTY CORPORATION COUNSEL

        */s/ Aaron C. Thomas*
        Aaron C. Thomas (P55114)
        Deputy Corporation Counsel

        */s/ Nicole B. Tabin*
        Nicole B. Tabin (P73685)
        Corporation Counsel Litigator

        */s/ Brooke Elizabeth Tucker*
        Brooke E. Tucker (P79776)
        Sr. Assistant Corporation Counsel

        Attorneys for Defendants
        Michael Bouchard and Thomas Vida
        1200 N. Telegraph Road, Bldg. 14E
        Pontiac, MI 48341-0419
        (248) 975-9616; thomasa@oakgov.com
        (248) 858-1475; tabinn@oakgov.com
        (248) 858-2007; tuckerbe@oakgov.com

Dated: March 17, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2023, I electronically filed Defendant Bouchard And Vida's Response To Plaintiff's Objections with the Clerk of the Court using the ECF System which will send notification of such filing to the attorney(s) of record, and I hereby certify that I have mailed by United States Postal Service the same to the following non-ECF participants: None.

        Respectfully submitted,

        OAKLAND COUNTY CORPORATION COUNSEL

        */s/ Brooke Elizabeth Tucker*
        Brooke E. Tucker (P79776)
        Sr. Assistant Corporation Counsel
        Attorney for Defendants
        Michael Bouchard and Thomas Vida
        1200 N. Telegraph Road, Bldg. 14E
        Pontiac, MI 48341-0419
        (248) 858-2007; tuckerbe@oakgov.com

Dated: March 17, 2023