*Witzke v. Bouchard, et al*.
**Case No. 22-cv-13070**

# EXHIBIT 1

*Garner v. Select Portfolio Servicing, et al.,* **Case No. 15-10377, 2017 U.S. Dist. LEXIS 30172 (E.D. Mich. Mar. 3, 2017)**

3/18/23, 9:22 AM  Garner v. Select Portfolio Servicing, 2017 U.S. Dist. LEXIS 30172

Case 2:22-cv-13070-MAG-CI   ECF No. 38-2, PageID.528   Filed 03/18/23   Page 2 of 4

Document: Garner v. Select Portfolio Servicing, 2017 U.S. Dist. LEXIS 30172    Actions

Go to    Page  Page #    ⌃ ⌄    Search Document

LEXIS 30172

**Copy Citation**

United States District Court for the Eastern District of Michigan, Southern Division

March 3, 2017, Decided; March 3, 2017, Filed

Case No. 15-10377

**Reporter**
**2017 U.S. Dist. LEXIS 30172 \***

DARLENE GARNER, Plaintiff, vs. SELECT PORTFOLIO SERVICING, et al., Defendants.

**Prior History:** Garner v. Select Portfolo Servicing, 2017 U.S. Dist. LEXIS 22629 ( E.D. Mich., Feb. 17, 2017)

## Core Terms

reconsideration motion, clear error, recommendation, untimely, mailed, summary judgment motion, palpable

**Counsel:** [*1] Darlene Garner, Plaintiff, Pro se, Lake Orion, MI.

For Select Portfolio Servicing, Inc., Wells Fargo Corporate Trust Services, Defendants: Laura Baucus, Dykema Gossett (Bloomfield Hills), Bloomfield Hills, MI; Samantha L. Walls, Dykema Gossett PLLC, Bloomfield Hills, MI.

For Orlans Associates, P.C., Defendant: Timothy B. Myers, Orlans Assoc., Troy, MI.

**Judges:** Hon. MARK A. GOLDSMITH, United States District Judge.

**Opinion by:** MARK A. GOLDSMITH

## Opinion

**OPINION AND ORDER CONVERTING PLAINTIFF'S OBJECTION (Dkt. 76) TO A MOTION FOR RECONSIDERATION AND DENYING THE MOTION**

3/18/23, 9:22 AM  Garner v. Select Portfolio Servicing, 2017 U.S. Dist. LEXIS 30172

Case 2:22-cv-13070-MAG-CI  ECF No. 38-2, PageID.529  Filed 03/18/23  Page 3 of 4

Page

Document:    Garner v. Select Portfolio Servicing, 2017 U.S. Dist. LEXIS 30172

Op. & Order (Dkt. 74). On March 2, 2017, Plaintiff filed a document that she calls an "objection" to this Court's February 17, 2017 opinion and order (Dkt. 76).

Plaintiff's opportunity to file "objections" has passed; the Court, therefore, **[*2]** construes Plaintiff's filing as a motion for reconsideration under Local Rule 7.1(h)(3). In order to succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" has been defined as an error that is "obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). A motion for reconsideration which presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Hence v. Smith, 49 F. Supp. 2d 547, 551 (E.D. Mich. 1999). Moreover, a motion for reconsideration need not be considered if it brings new legal arguments that could have been raised in the first instance. See Convertino v. United States DOJ, 07-cv-13842, 2010 U.S. Dist. LEXIS 10953, 2010 WL 523042, at *4 (E.D. Mich. Feb. 9, 2010).

The bases for this Court's opinion, which adopted the magistrate judge's Report & Recommendation ("R&R"), were that (i) Plaintiff's objections to the R&R were untimely; and (ii) the R&R contained no clear error. See 2/17/2017 Op. & Order at 2-3; see also id. at 2 n.1 (addressing the merits of the untimely objections in the alternative only). **[*3]**

Plaintiff's motion does not identify any error in this Court's opinion. Concerning the timeliness of her objections, Plaintiff states, "Although I may not have filed my objections within 14 days of the R&R being filed, I did file my objections within 14 days of service/receipt of the R&R." See Pl. Mot. at 3. Under the Federal Rules of Civil Procedure, however, an R&R is considered "served" when it is mailed, not when it is received. See Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"); see also Lewis v. Corr. Med. Servs., No. 08-CV-13683, 2009 U.S. Dist. LEXIS 42861, 2009 WL 1438260, at *2 (E.D. Mich. May 20, 2009) ("Plaintiff was served when the R & R was mailed . . . ." (citing Fed. R. Civ. P. 5(b)(2)(C))). Even with the extra three days afforded to Plaintiff under Federal Rule of Civil Procedure 6(d), her objections were five days late. This portion of Plaintiff's motion is denied.

Plaintiff correctly observes that, notwithstanding her failure to timely file an objection, this Court likely has some obligation to review the R&R for clear error. See Pl. Mot. at 3-4; see also Fed. R. Civ. P. 72 Advisory Comm. Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Plaintiff identifies three examples of what she terms "clear error" in the R&R, but each purports to relate to the **[*4]** R&R's factual assertions concerning Defendant Select Portfolio Servicing, Inc. ("SPS"); Plaintiff does not explain how these alleged errors undermine the R&R's conclusion and analysis, which related only to Defendant Orlans. See Pl. Mot. at 4.

3/18/23, 9:22 AM	Case 2:22-cv-13070-MAG-CI   ECF No. 38-2, PageID.530 Filed 03/18/23   Page 4 of 4
Document:	Garner v. Select Portfolio Servicing, 2017 U.S. Dist. LEXIS 30172

Page

Detroit, Michigan

/s/ Mark A. Goldsmith 

MARK A. GOLDSMITH 

United States District Judge

