UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT ANDREW WITZKE,<br>      Plaintiff,<br>v.<br><br>MICHAEL J. BOUCHARD, *et al.*,<br>      Defendants.<br>_____/ | Case No. 22-13070<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 26).

Plaintiff Scott Andrew Witzke filed this civil rights suit on December 19, 2022, without the assistance of counsel. (ECF No. 1). It was referred to the undersigned for all pretrial matters. (ECF No. 12). This matter is presently before the Court regarding Defendants Michael Bouchard and Thomas Vida's motion to dismiss. (ECF No. 26).

**I. ANALYSIS**

 a. Standard of Review: Motion to Dismiss

  i. 12 (b)(1)

As explained in *McQueary v. Colvin*, 2017 WL 63034, at *3 (W.D. Ky. Jan. 5, 2017), a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v.*

1

*Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *McQueary*, at *3 (quoting *Ritchie*, 15 F.3d at 598); *see also Cartwright*, 751 F.3d at 759 ("A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the Court takes the allegations of the complaint as true for purposes of the Rule 12(b)(1) analysis"). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *McQueary*, at *3 (quoting Ritchie, 15 F.3d at 598).

    ii. <u>12(b)(6)</u>

 To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of*

2

*Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.").

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read

plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

    b. <u>Subject Matter Jurisdiction</u>

Defendants argue this complaint must be dismissed because there is not subject matter jurisdiction over Plaintiff's claims. (ECF No. 26, PageID.185). Defendants argue that the Court must abstain under the *Rooker-Feldman* doctrine or *Younger* Abstention. (*Id.*).

As the Sixth Circuit has explained:

> The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1200 (2006). Thus, "[t]he *Rooker–Feldman*[ ]doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Id.* at 1199 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Additionally, the *Rooker–Feldman* doctrine "does not prohibit federal

4

> district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003).

*Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (first alteration in original). The doctrine also bars federal courts where a claim is "inextricably intertwined" with state judicial proceedings. *Patmon v. Mich. Sup. Ct.*, 224 F.3d 504, 510 (6th Cir. 2000). "In practice [inextricably intertwined] means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Pieper v. Am. Arb. Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003).

Plaintiff asserts Defendants violated his First Amendment right to communicate with detainees who are incarcerated at the Oakland County Jail ("OCJ"), he was denied Due Process pursuant to his First Amendment rights, and also raises a Michigan state-law claim of defamation. (ECF No. 1). Plaintiff's claims here arise out of his use of the OCJ "Smart Communications" system to message inmates at OCJ. (*Id.*). Smart Communications uses a tablet system to allow inmates to receive communications. (*Id.*). Plaintiff alleges that on December 13, 2022, he logged onto his Smart Communication account and saw a notice that his ability to view messages had been disabled because Plaintiff was "committing a crime by acting as an attorney and charging other inmates to file

5

briefs." (*Id.* at PageID.4). Plaintiff states that Defendants "blocked" Plaintiff's primary telephone number along with disabling his messaging capability. (*Id.*).

Defendants argue that they disabled Plaintiff's use of Smart Communications in response to Plaintiff's actions in a pending state criminal case the *People v. Contreras*. (ECF No. 26, PageID.174). Defendants allege that Plaintiff has been filing motions on behalf of Contreras in his pending case. (*Id.*). Contreras is not a party here. The judge in *People v. Contreras* entered an Order prohibiting Plaintiff from drafting or filing motions in Contreras' case and from the unauthorized practice of law. (*Id.* at PageID.178). Defendants argue that Plaintiff is seeking to "challenge the Orders restricting contact entered by Oakland Circuit Court Judge Poles, a new complaint for Superintending Control filed by Plaintiff in the Court of Appeals also seeks review of those same decisions." (*Id.* at PageID.186).

In response, Plaintiff argues this complaint addresses his communications through the Smart Communications platform with other OCJ inmates. (ECF No. 31, PageID.330). Plaintiff argues the subject communication here is not the injury he complains of in state court. (*Id.*).

While there is some overlap in the facts and claims presented in state court and in this matter, the claims here are different. In state court, Plaintiff is litigating his alleged unauthorized practice of law and related orders to cease, but here

6

Plaintiff is litigating his right to communicate with prisoners at OCJ. Plaintiff's pending state matters relate to Plaintiff's "preparation and filing of pleadings in [state] court on behalf of criminal defendant Contreras" and the trial judge's orders related to Plaintiff's alleged unauthorized practice of law. (ECF No. 26, PageID.177; PageID.179). Plaintiff's conduct communicating with inmates at OCJ does give rise to both his state court appeals and this suit, but here Plaintiff challenges his ability to message and associate with the OCJ inmates, which is not the same conduct he is now challenging before the Michigan state court. (ECF No. 1, PageID.6). At issue here is Plaintiff's ability to communicate about any topic, not whether Plaintiff is engaged in the unauthorized practice of law.

Whether the Defendants here, the Sheriff of Oakland County and OCJ employees, violated Plaintiff's constitutional rights in restricting his communication with OCJ is irrelevant to the state court's judgment regarding Plaintiff's conduct before that court. The undersigned suggests granting relief on Plaintiff's claims would not imply the state court was incorrect, and this claim is not barred under *Rooker–Feldman* because it is not inextricably intertwined with a state judicial proceeding.

As to whether the Court should abstain under the *Younger* abstention doctrine, the Supreme Court held that federal courts may not "stay or enjoin pending state court proceedings except under special circumstances." *O'Neill v.*

*Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008). For the Court to abstain, "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (further citation omitted).

The undersigned is not persuaded *Younger* abstention applies. As to the first element, Defendants argue Plaintiff is involved in "multiple ongoing proceedings" relating to the communication issues raised in his complaint. (ECF No. 26, PageID.188). Defendants discuss Michigan law governing the unauthorized practice of law and argue that the court where the practice is alleged is the proper forum for adjudicating that action. (*Id.*). As to the second element, Defendants argue the unauthorized practice of law in state court and alleged attempts to continue to practice law after being ordered to cease are compelling state interests. (*Id.* at PageID.189).

As to the third element, the adequate opportunity to address these issues in the state court proceedings, the undersigned notes Defendants appear to mistakenly include a paragraph from another brief. (*Id.*). Defendants use "her" throughout this paragraph, Plaintiff in this case uses male pronouns, and discuss "FOC grievance procedures" and argue "she has failed to avail herself of all the remedies available to her under the administrative FOC grievance procedure or the appellate

8

remedies still available to her." (*Id.*). FOC grievance procedures are not relevant here, which addresses Plaintiff's ability to communicate with inmates. The Court can only presume this paragraph was mistakenly included because it does not address issues relevant here. This Court does not raise arguments for the parties. Even so, the Court will consider Plaintiff's ability to adequately address these issues in state court considering *Younger* abstention sua sponte. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (noting that *Younger* abstention may be raised by a court sua sponte).

As discussed above, the communication issues being litigated in Michigan state court arises out of the conduct giving rise to this complaint, but the actions challenged here are distinct from those pending state matters. According to Defendants' brief, Plaintiff's pending state matters relate to Plaintiff's "preparation and filing of pleadings in [state] court on behalf of criminal defendant Contreras" and the trial judge's orders related to Plaintiff's alleged unauthorized practice of law. (ECF No. 26, PageID.177; PageID.179). Plaintiff has filed a writ for superintending control related to his First Amendment "right to communicate with Defendant Raul Contreras" in the Michigan Court of Appeals. (ECF No. 26-19, PageID.285). But this writ asserts that an Order entered by the trial court judge on January 26, 2023, violates Plaintiff's rights. (*Id.*).

9

In the case pending before *this* Court, Plaintiff challenges action taken by OCJ to restrict his communication with inmates. (ECF No. 1). Plaintiff does not seem to be seeking to stay or enjoin any of the pending state court proceedings, but is attacking the Constitutionality of actions taken by different parties in response to the same conduct. The undersigned is not persuaded that the state matters pending in this case are state matters that are relevant under *Younger* abstention because Plaintiff does not seek to enjoin a state court's action here. As to whether Plaintiff has an opportunity to address the issues in state court, the Defendants did not make any argument that Plaintiff has adequate opportunity to be heard in state court. The undersigned has already discussed that the action Plaintiff challenges here is distinct from his pending state court challenges, Plaintiff likely would not have an adequate opportunity to address OCJ's conduct while he is appealing distinct issues in state court. Thus, the undersigned suggests *Younger* abstention is not applicable here.

As neither the *Rooker-Feldman* doctrine or *Younger Abstention* applies, the undersigned suggests the Court has subject matter jurisdiction.

  c. *Failure to State a Claim*

Defendants next argue that Plaintiff has failed to state a plausible claim for relief. (ECF No. 26, PageID.191).

10

The standard for First Amendment challenges to prison policy "is whether the regulations are 'reasonably related to legitimate penological interest.'" *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1994) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). This standard applies to both prisoners and third parties trying to contact prisoners. *Id.* (applying Turner to third-party publishers because they "have a legitimate First Amendment interest in access to prisoners."). As the Supreme Court has observed, "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also, Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution"). That said, the fact that "prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations." *Wolfish*, 441 U.S. at 545.

The First Amendment free speech rights of prisoners "are uncontrovertedly limited by virtue of their incarceration." *Thaddeus-X v. Blatter*, 175 F.3d 378, 392 (6th Cir. 1999). It is established that communication with the outside world may not be totally abridged, but prisoners do not have a constitutional right to a particular form of communication, such as access to email. *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir.

1989); *Bristow v. Amber*, No. 2:12–cv–412, 2012 WL 1963577, *2–3 (S.D. Ohio May 31, 2012) (prisoners do not have a First Amendment right to access email). Similarly, the First Amendment does not provide a prisoner with a *per se* right to use a telephone to communicate with the outside world. *See Miles v. Scanlon*, 2021 WL 1809834, at *5 (W.D. Mich. May 6, 2021) (holding prisoners "do not have a constitutional right to a particular form of communication" under the First Amendment); *see also United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no *per se* constitutional right to use a telephone[.]"); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048-49 (9th Cir. 2002) (holding "[u]se of a telephone provides *a* means of exercising [the First Amendment] right") (emphasis added); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994) (holding "an inmate has no right to unlimited telephone use").

Plaintiff alleges interference with emailed and telephonic communications with OCJ detainees.  He does not, however, allege that he cannot communicate with detainees via alternative means such as mail through the United State Postal Service, or to visit detainees in person.  *See Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996); *Iswed v. Caruso*, 2010 WL 6496158, at *2 (W.D. Mich. Nov. 29, 2010).  In response to Defendants' motion to dismiss, Plaintiff argues that Defendants have established a forum for speech, presumably arguing that once a government establishes a forum for speech different First Amendment principles

apply. But at issue here is private communication between two individuals. Private communication is not a government-established forum and that analysis is irrelevant to this case. The undersigned suggests Plaintiff has failed to state a claim because he does not allege that he cannot communicate with detainees via alternative means such as mail through the United State Postal Service, or to visit detainees in person. Thus, taking as true all the allegations contained in Plaintiff's complaint, Plaintiff failed to state a First Amendment claim because he has available other ways to communicate with detainees, even if they are not his preferred means.

As for the due process claim, Defendants argue Plaintiff has failed to state a claim. Plaintiff asserts he was entitled to some kind of process before his email and telephonic access to detainees was curtailed. (ECF No. 1). The Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). The analysis stops here because Plaintiff did not establish that he had a liberty interest in receiving emails and

13

telephone calls from OCJ detainees. As a result, the undersigned suggests Plaintiff has failed to state a claim related to his Due Process allegations.

Plaintiff has also raised a claim of defamation under Michigan state law. (ECF No. 1). If the recommendations above to grant the motion to dismiss as to all Defendants is adopted, the undersigned suggests the Court should not exert supplemental jurisdiction over the state-law claims. Under 28 U.S.C. § 1367, a district judge may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims [.]" *Musson Theatrical, Inc. v. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Indeed, the Sixth Circuit has repeatedly advised that the district courts should not exercise supplemental jurisdiction over state-law claims where all original jurisdiction claims have been dismissed. *See, e.g.*, *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008). The undersigned recommends Plaintiff's defamation claim be dismissed without prejudice.

### d. Screening Pursuant to 28 U.S.C. § 1915

As to the sole remaining Defendant, Defendant John Doe, the undersigned suggests Defendant John Doe should be dismissed for failure to state a claim pursuant to screening under 28 U.S.C. § 1915.

14

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal. . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)). The court's ability to sua sponte review and dismiss claims filed *in forma pauperis* applies to both prisoner and nonprisoner litigants. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915(A). However, the district court must still screen the complaint under § 1915(e)(2)."); *accord U.S. ex. Rel. Donaldson v. Conservation Res. All.*, 2006 WL 695674, at *6 (E.D. Mich. March 14, 2006); *Gebremariam v. City of Nashville Police Dep't*, 2016 WL 2854362, at *1 (M.D. Tenn. May 16, 2016).

The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). As explained above, Plaintiff has failed to allege facts, accepted as true, that state a claim for relief. The undersigned suggests that sua sponte dismissing Defendant John Doe is proper because Plaintiff failed to state a claim.

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 26) be **GRANTED** and that the First Amendment and Due Process claims be **DISMISSED** and the state law defamation claim be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 23, 2023         s/Curtis Ivy, Jr.
                             Curtis Ivy, Jr.
                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 23, 2023.

                             s/Kristen MacKay
                             Case Manager
                             (810) 341-7850