UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v                                                   Case No. 22-cv-13070

MICHAEL J. BOUCHARD, et al.,     HON. MARK A. GOLDSMITH
                                             MAG. JUDGE CURTIS IVY, JR.

    Defendants.
_____/

| | |
|---|---|
| **SCOTT ANDREW WITZKE**<br>**Plaintiff**, *pro se*<br>336 N. Saginaw St.<br>Pontiac, MI 48342<br>Telephone: (734) 496-5895<br>Facsimile: (734) 823-1325<br>Email: scottawitzke@gmail.com | **OAKLAND COUNTY CORP. COUNSEL**<br>By:  **Aaron C. Thomas (P55114)**<br>      **Nicole B. Tabin (P73685)**<br>      **Brooke Elizabeth Tucker (P79776)**<br>      **Attorneys for Defendants**<br>1200 N. Telegraph Rd., Dep't 419, Bldg. 14E<br>Pontiac, MI 48341<br>Telephone: (248) 858-0550<br>Email: thomasa@oakgov.com<br>        tabinn@oakgov.com<br>        tuckerbe@oakgov.com |

_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE (ECF No. 43)
TO PLAINTIFF'S OBJECTIONS (ECF No. 42) TO MAGISTRATE
<u>JUDGE'S REPORT AND RECOMMENDATION (ECF No. 41)</u>**

      **NOW COMES** Plaintiff, Scott Andrew Witzke, *pro se*, who herewith submits his Reply to Defendants' Response (ECF No. 43) to Plaintiff's Objections (ECF No. 42) to Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 41).

I. **REPLY**

A. **Reply to Response to Objection #1**

Defendants seem to be of the opinion that if the Court rejects the R&R's legal analysis regarding subject matter jurisdiction and the applicability of the *Rooker-Feldman*[1] doctrine and *Younger*[2] abstention that the recommendation made regarding these issues also must be rejected. (ECF No. 43, PageID.589) ("[I]f the Court, upon review, disagrees with the Recommendation on these points, it is welcome to dismiss the case for lack of subject matter jurisdiction.").

Statute itself undercuts this contention made by Defendants. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings *or* recommendations made by the magistrate judge.") (emphasis added). Plaintiff's Objections specifically state:

> The magistrate judge reached the correct result insofar as both the *Rooker-Feldman* doctrine and *Younger* abstention do not preclude subject matter jurisdiction in this case. (ECF No. 41, PageID.555) ("As neither the *Rooker-Feldman* doctrine or *Younger* Abstention applies, the undersigned suggests the Court has subject matter jurisdiction."). That said, the magistrate judge's legal analysis (PageID.549-555) delves into unnecessary and legally unsound areas of law with respect to resolution of Defendants' Rule 12(b)(1) motion.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

(ECF No. 42, PageID.568.) It is, thus, clear that Plaintiff is seeking *de novo* review regarding the magistrate judge's "finding" (or legal analysis) on these issues, and not on the ultimate recommendation. This is entirely appropriate under 28 U.S.C. § 636(b)(1)(C).

## B.    Reply to Response to Objection #2

Defendants continue to persist in feigning ignorance over what this case is about. Defendants now cite to Judge Steeh's decision in *Johnson v. County of Wayne*, Case No. 08-CV-10209, 2008 U.S. Dist. LEXIS 70111 (E.D. Mich. Sept. 16, 2008), for the proposition that Plaintiff's Complaint fails to establish a plausible First Amendment claim.

*Johnson* involved the issue of an attorney attempting to have what is termed a "contact" visit with a detainee who was not the attorney's client. Judge Steeh determined that "the Wayne County Jail policy of allowing only attorneys of record to have contact visits with inmates bears a rational relationship to legitimate penological interests." 2008 U.S. Dist. LEXIS 70111 at *15-*16 (citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).

*Johnson* and its reasoning are immaterial to the facts of the instant action. Of note, Defendants persist in disregarding Exhibit 1 attached to the Complaint. (ECF No. 1, PageID.10-11.) Unlike Wayne County in *Johnson*, here Defendants' policy

3

provides specifically that members of the public must communicate in all respects with Oakland County Jail detainees through Smart Communications.

Defendants next argue that "[e]ven if Plaintiff did meet his burden, which he argues in the objection, 'the Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a constitutionally protected liberty or property interest.'" (ECF No. 43, PageID.594) (quoting *Coy v. Cty. of Barry*, No. 1:11 CV 596, 2012 U.S. Dist. LEXIS 166793, at *7-8 (W.D. Mich. Nov. 1, 2012)).

This rationale is undercut by the Supreme Court's decision in *Procunier v. Martinez*, 416 U.S. 496 (1974) ("The interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment. As such, it is protected from arbitrary governmental invasion."); *see also Human Rights Def. Ctr. v. Livingston Cnty.*, No. 11-cv-13460, 2016 U.S. Dist. LEXIS 43164 *7-*12 (Mar. 31, 2016, E.D. Mich.) (ECF No. 23-4, PageID.150-151).

## II. CONCLUSION

Defendants close their Response to Plaintiff's Objections by stating that "[t]his Court should not get lost in Plaintiff's circular logic but should overrule Plaintiff's objections." (ECF No. 43, PageID.595.) Plaintiff suggests that the Court

should hammer down hard here in Plaintiff's favor due to Defendants' persistent circling around the crux of the First Amendment issue raised in the Complaint. Plaintiff, again, respectfully requests that the Court **OVERRULE** the R&R (ECF No. 41) as set out and requested in Plaintiff's Objections (ECF No. 42).

          Respectfully submitted,

Dated at Pontiac, MI this 15th day of
April, 2023.          */s/ Scott A. Witzke*_____
          **SCOTT ANDREW WITZKE**
          **Plaintiff,** *pro se*

### CERTIFICATE OF SERVICE

The undersigned duly certifies that on this 15th day of April, 2023, copies of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE (ECF No. 43) TO PLAINTIFF'S OBJECTIONS (ECF No. 42) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 41)** were electronically served upon each attorney of record via the Court's CM/ECF system, and that there are no non-CM/ECF participants to serve via U.S. Mail.

          */s/ Scott A. Witzke*_____
          **SCOTT ANDREW WITZKE**