UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v								Case No. 22-cv-13070

MICHAEL J. BOUCHARD, et al.,			HON. MARK A. GOLDSMITH
								MAG. JUDGE CURTIS IVY, JR.
    Defendants.
_____/

| **SCOTT ANDREW WITZKE** | **OAKLAND COUNTY CORP. COUNSEL** |
|---|---|
| **Plaintiff**, *pro se* | By:   **Aaron C. Thomas (P55114)** |
| 336 N. Saginaw St. |        **Nicole B. Tabin (P73685)** |
| Pontiac, MI 48342 |        **Brooke Elizabeth Tucker (P79776)** |
| Telephone: (734) 496-5895 |        **Attorneys for Defendants** |
| Facsimile: (734) 823-1325 | 1200 N. Telegraph Rd., Dep't 419, Bldg. 14E |
| Email: scottawitzke@gmail.com | Pontiac, MI 48341 |
| | Telephone: (248) 858-0550 |
| | Email: thomasa@oakgov.com |
| |        tabinn@oakgov.com |
| |        tuckerbe@oakgov.com |

_____/

**PLAINTIFF'S MOTION TO STRIKE ANSWER (ECF No. 46) OF DEFENDANTS BOUCHARD AND VIDA TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENSE COUNSEL (ECF No. 44)**

      **NOW COMES** Plaintiff, Scott Andrew Witzke, *pro se*, and for reasons more fully appearing in the Brief in Support hereof, adopted and incorporated herein by reference, *Fed. R. Civ. P*. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion"), moves to **STRIKE** from the record ECF No. 46 ("Answer of Defendants Bouchard

1

and Vida to Plaintiff's Motion for Sanctions Against Defense Counsel"), for the reason that the "Answer" is untimely as a "Response" under *E.D. Mich. L.R.* 7.1(e)(1)(A) and no demonstration of "excusable neglect" has been made by defense counsel for the failure to act as required by *E.D. Mich. L.R.* 7.1(e)(1)(A).

  This Motion is made and based upon the files and records of the above-entitled cause of action, together with the Brief in Support hereof.

              Respectfully submitted,

Dated at Pontiac, MI this 29th day of
April, 2023.        */s/ Scott A. Witzke*
              **SCOTT ANDREW WITZKE**
              **Plaintiff,** *pro se*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v                                             Case No. 22-cv-13070

MICHAEL J. BOUCHARD, et al.,     HON. MARK A. GOLDSMITH
                                         MAG. JUDGE CURTIS IVY, JR.

    Defendants.
_____/

**SCOTT ANDREW WITZKE**         **OAKLAND COUNTY CORP. COUNSEL**
**Plaintiff,** *pro se*                   By:    **Aaron C. Thomas (P55114)**
336 N. Saginaw St.                          **Nicole B. Tabin (P73685)**
Pontiac, MI 48342                         **Brooke Elizabeth Tucker (P79776)**
Telephone: (734) 496-5895         **Attorneys for Defendants**
Facsimile: (734) 823-1325       1200 N. Telegraph Rd., Dep't 419, Bldg. 14E
Email: scottawitzke@gmail.com   Pontiac, MI 48341
                                          Telephone: (248) 858-0550
                                          Email: thomasa@oakgov.com
                                                 tabinn@oakgov.com
                                                 tuckerbe@oakgov.com
_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE
ANSWER (ECF No. 46) OF DEFENDANTS BOUCHARD
AND VIDA TO PLAINTIFF'S MOTION FOR SANCTIONS
<u>AGAINST DEFENSE COUNSEL (ECF No. 44)</u>**

### I.     <u>FACTS</u>

1.     On April 12, 2023, Plaintiff filed a Motion for Sanctions Against Defense Counsel Re: ECF No. 39. (ECF No. 44.)

1

2. On April 28, 2023, defense counsel (through only one of the attorneys for which sanctions have been sought to be imposed against by Plaintiff) filed an "Answer of Defendants Bouchard and Vida to Plaintiff's Motion for Sanctions Against Defense Counsel." (*See* ECF No. 46.)

3. Defense counsel filed the "Answer" (ECF No. 46) (which Plaintiff interprets as a "Response") outside of the time parameters (late) as mandated by *E.D. Mich. L.R.* 7.1(e)(1)(A), and the filed submission makes no demonstration whatsoever for the "fail[ure] to act because of excusable neglect." *Fed. R. Civ. P.* 6(b)(1)(B).

## II. APPLICABLE LEGAL STANDARDS

The Court's local rules provide, with limited exceptions which are inapplicable in the instant matter, that "[r]esponses to all motions … must be filed within 14 days after service of the motion." *E.D. Mich. L.R.* 7.1(e)(1)(A). In computing the 14-days for responsive filings, *Fed. R. Civ. P.* 6(a) provides:

> (a) **Computing Time**. The following rules apply in computing any time period specified in these rules, *in any local rule* or court order, or in any statute that does not specify a method of computing time.
>
> > (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
> >
> > > (A) exclude the day of the event that triggers the period;
> > >
> > > (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

*Fed. R. Civ. P*. 6(a) (emphasis added).

The Sixth Circuit has observed that "Rule 6(b) of the Federal Rules of Civil Procedure provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so 'where the failure to [file before the deadline] was the result of excusable neglect.'" *Nafziger v. McDermott Intern., Inc*., 467 F. 3d 514, 522 (6th Cir. 2006) (quoting *Fed. R. Civ. P*. 6(b)); *see also Childress v. Michalke,* Case No. 10-cv-11008, 2012 U.S. Dist. LEXIS 169139 *7 (E.D. Mich. Nov. 29, 2012) (Goldsmith, *J*.) ("A party seeking to file a document after the requisite time period has passed may request to do so upon motion only.") (Ex. 1.).

"[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id; see also Lewis-El v. Parker,* Case No. 11-cv-14472, 2014 U.S. Dist. LEXIS 159721 *10-*11 (E.D. Mich. Nov. 13, 2014) (Goldsmith, *J*.)[1] (Ex. 2).

---

[1] The *Childress* and *Lewis-El* cases were brought by *pro se* plaintiffs and were presided over by Judge Goldsmith, who found in both cases that although

3

### III. ARGUMENT

Under the above quoted required method for computation of time, defense counsel's responsive filing should have been received by the Court no later than April 26, 2023. It was not filed until April 28, 2023—two days late. There is no "motion" seeking leave to file the untimely submission and stating reasons for "excusable neglect" accompanying defense counsel's untimely filing, nor does the filing itself give any stated reasons from which anyone could discern that it may be appropriate for finding "excusable neglect."

### IV. CONCLUSION

No "motion" having been accompanied with defense counsel's untimely filing (ECF No. 46) and no basis for a finding of "excusable neglect" under *Fed. R. Civ. P.* 6(b)(1)(B) being discernable from the filing itself, the Court is respectfully requested to **STRIKE** ECF No. 46 in its entirety.

Respectfully submitted,

Dated at Pontiac, MI this 29th day of April, 2023.

/s/ Scott A. Witzke
**SCOTT ANDREW WITZKE**
**Plaintiff,** *pro se*

---

"prejudice" was "minimal" to the defendants the *pro se* status of the plaintiffs did not relieve them of making the required threshold showing of "excusable neglect" under *Fed. R. Civ. P.* 6(b) before filing untimely motion papers.

4

## **CERTIFICATE OF SERVICE**

      The undersigned duly certifies that on this 29th day of April, 2023, copies of the foregoing **MOTION TO STRIKE ANSWER (ECF No. 46) OF DEFENDANTS BOUCHARD AND VIDA TO PLAINTIFF'S MOTION FOR SANCITIONS AGAINST DEFENSE COUNSEL (ECF No. 44)** were electronically served upon each attorney of record via the Court's CM/ECF system, and that there are no non-CM/ECF participants to serve via U.S. Mail.

                             */s/ Scott A. Witzke*_____
                             **SCOTT ANDREW WITZKE**