UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,
                       Plaintiff,

v.

MICHAEL J. BOUCHARD, *et al.*,
                   Defendants.
_____/

Case No. 22-13070

Mark A. Goldsmith
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 44) AND MOTION TO STRIKE (ECF No. 47)**

Plaintiff moved for sanctions against Defendants (ECF No. 44) and to strike Defendants' response to the motion as untimely (ECF No. 47). These motions were referred to the undersigned for report and recommendation. (ECF No. 52).

The motion for sanctions is about Defendants' *Rooker-Feldman* argument in their motion to dismiss. In that motion, Defendants argued that the Court lacked subject matter jurisdiction over Plaintiff's claims. They asserted that Plaintiff was challenging an order from the Oakland County Circuit Court restricting access to Oakland County Jail detainees. (ECF No. 26, PageID.186). They maintained that in order to prevail on his First Amendment claim here, the State court judgment would have to be overturned.

In response, Plaintiff argued that *Rooker-Feldman* is inapplicable. He asserted that the State court action Defendants referenced is unconnected to the

1

claims here.  In the other case, he was ordered to cease communications with a criminal defendant.  In this case, he claimed that his First Amendment rights were violated when his access to communication with other jail detainees was blocked by the jail.  (ECF No. 31, PageID.328-31).  So the injury alleged here is not related to the State court judgment.

In reply, Defendants maintained their position that Plaintiff was requesting that this Court intervene in matters being adjudicated in State court.  They cited *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002) and *Pieper v. Am. Arb. Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003) in support.  (ECF No. 39, PageID.539).  They argued that *Rooker-Feldman* prohibits federal courts from engaging in appellate review of State court judgments and of any claim inextricably intertwined with those judgments.

Plaintiff contends that Defendants violated Fed. R. Civ. P. 11(b)(2) by relying on *Peterson* and *Pieper*.  He says more recent cases made clear that *Rooker-Feldman* applies only when a plaintiff complains of an injury from the state court judgment itself.  (ECF No. 44, PageID.609).  Thus, Defendants wrongly pressed their argument that *Rooker-Feldman* bars Plaintiff's claims.

Sanctions under Fed . R. Civ. P. 11(b)(2) are appropriate where the claims, defenses, and other legal contentions of the offending party are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing

existing law or for establishing new law.  In the Sixth Circuit, the test for determining whether a party has violated Rule 11 is whether the individual's conduct was reasonable under the circumstances.  *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).  The standard is an objective one.  *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

Defendants' *Rooker-Feldman* proved to be a losing argument.  The undersigned concluded that, though there was some overlap in the facts and claims presented in State court and here, the claims were different.  Granting relief on the claims here would not imply that the State court was incorrect.  The Court adopted this conclusion.  (ECF No. 50).  Contrary to Plaintiff's position, the Court finds that Defendants did not misrepresent the law or bring an argument that was unreasonable under the circumstances.  Defendants did not cite bad law.  Rule 11 does not require that every argument brought to the Court be a winning argument. *See Naperville Smart Meter Awareness v. City of Naperville*, 69 F. Supp. 3d 830, 844 (N.D. Ill. 2014) (quoting *LaSalle Nat. Bank of Chi. v. Cnty. of DuPage,* 10 F.3d 1333, 1338 (7th Cir.1993) ("[A]n attorney need not advance a winning argument to avoid Rule 11 sanctions.").  Sanctions should not be awarded.

Lastly, Plaintiff moved to strike Defendants two-day-late response brief. (ECF No. 47).  Though the response brief was two days late under Local Rule 7.1,

the undersigned suggests that it not be stricken, or otherwise that Plaintiff's motion

be terminated as moot considering recommendation to deny his motion for

sanctions.

## I.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

Plaintiff's' motion for sanctions (ECF No. 44) be **DENIED** and that Plaintiff's

motion to strike (ECF No. 47) be **DENIED or TERMINATED AS MOOT**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues

but fail to raise others with specificity will not preserve all the objections a party

might have to this Report and Recommendation. *Willis v. Sec'y of Health and

Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers

Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2),

any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Date: August 21, 2023                         s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 21, 2023.


                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850